In re Hugh Lee NATHURST, III, Debtor.

Bankruptcy No. 91–15856–9P7.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Nov. 1, 1994.

Martin L. Sandler and Anthony F. Sanchez, Miami, FL, for debtor.

Stephany S. Carr, Trustee.

Richard Hollander, Naples, FL, for trustee.

## ORDER ON MOTION FOR F.R.B.P. 9011 SANCTIONS AGAINST TRUSTEE AND TRUSTEE'S COUNSEL

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an aborted Chapter 11 case and the matter under consideration is a Motion filed by Hugh Lee Nathurst, III (Debtor) who seeks an order imposing sanctions against Stephany Carr, Trustee of the Debtor's estate (Trustee). The undisputed facts which appear from the record and which are relevant to the Motion under consideration can be summarized as follows:

The Debtor having failed to obtain confirmation of his Plan of Reorganization, on August 10, 1993 this Court entered an Order and converted the Chapter 11 case to a Chapter 7 liquidation case. In due course Stephany Carr was appointed by the Office of the United States Trustee to be in charge of administration of the estate of the Debtor.

On August 16, 1993, the Trustee filed an Application to employ the law firm of Miller & Hollander, which application was approved by the entry of an Order on August 19, 1993.

In due course a meeting of creditors was scheduled pursuant to § 341 of the Bankruptcy Code and held on September 21, 1993, at which time the Debtor appeared and was examined for more than six hours. On October 25, 1993, the Trustee filed an Application and sought an order directing the Debtor to appear to be examined again pursuant to F.R.B.P. 2004. On October 27, 1993, this Court entered an Order and granted the Application. The examination was scheduled for November 16, 1993.

On November 10, 1993, the Debtor's counsel requested the Trustee to cancel the examination scheduled for November 16, 1993, because the Debtor was in California and would be returning to Florida in the middle of December and would not be financially in a position to pay for the cost of travel twice. Debtor's counsel also assured the Trustee that the Debtor was anxious to proceed with a deposition but requested the examination to be conducted telephonically. (Exhibit A attached to the Motion). It further appears, although there is no document in the record, that the examination scheduled for November 16 was, in fact, canceled.

Notwithstanding, on December 22, 1993, the Trustee filed a Motion and sought an order for apprehension and removal of the Debtor to compel attendance for examination. In her Motion, the Trustee alleged that the Debtor had evaded service of the Order directing him to appear for examination and that the Debtor willfully disobeyed a subpoena for examination (sic). The Trustee in her Motion for Apprehension attached an Affidavit in which it is stated that she appeared on November 16, 1993, for the scheduled examination of the Debtor notwithstanding the fact that the Trustee was already put on notice on November 10, 1993, that the Debtor was in California and would not be able to appear in Naples for the examination by counsel for the Debtor, and there is no dispute that he requested a rescheduling of the examination. (Exhibit A attached to the Motion) There is nothing in this record to indicate that the

court reporter, if there was one, appeared and there is no certificate of nonappearance filed by anyone. The Motion for apprehension was scheduled for hearing on February 11, 1994. At the hearing this Court advised that the Motion would be granted and directed Mr. Hollander to provide the Court with a written order granting the Motion.

However, on February 22, 1994, counsel for the Debtor notified counsel for the Trustee, Mr. Hollander, that the Debtor would be available to be examined on March 8, 1994. (Composite Exhibit B to the Motion) On February 24, 1994, Mr. Hollander, counsel for the Trustee, via facsimile transmission, confirmed their recent telephone conversation which advised him that the Debtor would appear for examination on March 8, 1994 to be examined pursuant to F.R.B.P. 2004. In addition, counsel for the Debtor, by letter dated February 24, 1994, informed the Trustee that the Debtor would appear on March 8, 1994 to be examined but because he was travelling from California he might not be available as early as 9:00 a.m.. He also indicated that the Debtor would be available the following date if it was deemed to be necessary.

Notwithstanding this agreement, Mr. Hollander did not notify the Court that an agreement had been reached with counsel of the Debtor concerning the Debtor's voluntary appearance and willingness to submit to examination on March 8, 1994, at the examination, and on February 25, 1994 this Court entered an Order granting the Motion for Apprehension and directing apprehension of the Debtor. In spite of the agreement just described, the Trustee delivered the Order signed on February 25, 1994, to the U.S. Marshal's Service and caused the Debtor to be apprehended on March 3, 1994, in California and placed in custody by the U.S. Marshall. On March 4, 1994, the Debtor filed a Motion for Reconsideration of the Order granting the Trustee's Motion for Apprehension and Removal and on March 7, 1994, filed an Emergency Motion to Release the Debtor from the Marshal's custody. It appears, although it is not clear, that the Debtor posted a bond and based on the same he was released from the custody by the Marshal in

California. On March 11, 1994, the Trustee filed an emergency Motion to Forfeit the Bond and to Enforce F.R.B.P. 2004 Order (sic). Subsequently the Debtor filed an Emergency Motion to Vacate the Order of Apprehension, which was granted by the Court by order entered March 24, 1994.

The Debtor did appear on March 8, 1994, in Naples and submitted to examination, according to the Affidavit of the court reporter (Exhibit attached to the Supplement to the Emergency Motion for Protective Order). The examination commenced at 1:00 p.m. and concluded at 5:00 p.m., when counsel for the Trustee unilaterally stopped the deposition and threatened counsel of the Debtor to call the Sheriff's Office and have the attorney of the Debtor arrested if he attempted to remove any documents from the office of the attorney for the Trustee.

It appears from the foregoing that the Debtor fully complied with the Order directing the examination and appeared for his 2004 examination on March 8, 1994. At that time he was examined, at the end of which counsel for the Trustee indicated that he would continue the examination for four days. This record leaves no doubt that the Trustee's Affidavit did violate F.R.B.P. 9011 in that her signature certified that the statements were well grounded in fact, ascertained after reasonable inquiry when the Trustee and her counsel very well knew at the time they obtained, the Order of Apprehension and caused the Debtor to be arrested in California and placed in custody there was already an agreement that the Debtor will appear voluntarily in Fort Myers and would submit to examination on March 8, 1994.

It is equally clear however that anything relevant to the turnover proceeding is not sanctionable inasmuch as there is nothing in this record which warrant the finding that an agreement signed by the Trustee to recover property did violate F.R.B.P. 9011.

Based on the foregoing, this Court is satisfied that the Debtor is entitled to imposition of sanctions.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for F.R.B.P. 9011 Sanctions Against Trustee and Trustee's Counsel be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee shall pay for violating F.R.B.P. 9011 the sum of $5,000.00 found to be the reasonable amount to compensate counsel for the Debtor for his services rendered to the Debtor in connection with the costs relating to the F.R.B.P. 2004 examination of the Debtor.

DONE AND ORDERED.